UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN BALLENTINE,

                          Plaintiff,

            -against-

CREDIT ONE BANK, N.A.,

                          Defendant.

24-CV-4710 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692d – 1692f.  By order dated June 21, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro*

*se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. In 2021, Credit One Bank, N.A. issued him a credit card with a $500 credit limit. (ECF 1 at 5.) He used "all available credit" and "began making payments." (*Id.*) In 2022, Plaintiff "paid off the balance," but he received letters showing "a balance twice the credit limit." (*Id.*) The letters indicated that Plaintiff "owed money for fees." (*Id.*) Plaintiff states that the fees "needed clarification upon applying for this card." (*Id.*)

Credit One Bank, N.A., reported to consumer reporting agencies that Plaintiff "never paid the balance" and that "the issue went to collections." (*Id.*) Plaintiff asserts, however, that he had "made payments monthly" and had "paid the balance off in full within six months." (*Id.*)

Plaintiff sues Credit One Bank, N.A., invoking the FDCPA and the Court's federal question and diversity jurisdiction. He seeks $133,000 in damages.

## DISCUSSION

### A.    FDCPA

The FDCPA applies to consumer debt "arising out of . . . transaction[s] . . . primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction."). The FDCPA prohibits deceptive and misleading practices by a debt collector, 15 U.S.C. § 1692e, and prohibits using tactics that "harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692(d).

The FDCPA defines a debt collector as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own, as if it were a debt collector. 15 U.S.C. § 1692a(6); *see*

*also Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 81 (2017) ("Everyone agrees that the term ["debtor collector"] embraces the repo man—someone hired by a creditor to collect an outstanding debt.").

For purposes of the FDCPA, a "creditor" is defined, with some exceptions not applicable here, as "'any person who offers or extends credit creating a debt or to whom a debt is owed.'" *Lorenz v. GE Cap. Retail Bank*, 944 F. Supp. 2d 220, 225 (E.D.N.Y. 2013) (citing 15 U.S.C. § 1692a(4)). "[C]reditors generally are not subject to the FDCPA." *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003). "[T]he FDCPA expressly limits its application to debt collectors, not creditors." *Lorenz*, 944 F. Supp. 2d at 225 (citing *Doherty v. Citibank (South Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005)); *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 130-31 (E.D.N.Y. 2005) ("Thus, by its terms, the FDCPA limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts.").

Here, Plaintiff alleges that Defendant Credit One Bank issued him a credit card with a $500 credit limit. (ECF 1 at 5.) He thus alleges that Defendant was a creditor collecting for an account that it originated – not a debt collector within the meaning of the FDCPA. *See, e.g., Henson*, 582 U.S. at 81 ("[T]hird party debt collection agents generally qualify as "debt collectors" under the relevant statutory language, while those who seek only to collect for themselves loans they originated generally do not."). Plaintiff therefore fails to state a claim on which relief can be granted against Defendant under the FDCPA.

**B.      Truth in Lending Act and Fair Credit Billing Act**

Plaintiff suggests that Defendant Credit One Bank N.A. failed adequately to disclose credit terms and engaged in inaccurate and unfair billing practices. Congress enacted the Truth in Lending Act (TILA) "to assure a meaningful disclosure of credit terms so that the consumer will be able to

compare the credit terms available and avoid the uninformed use of credit . . . ." 15 U.S.C.

§ 1601(a). The Fair Credit Billing Act (FCBA), 15 U.S.C. §§ 1666-1666j, amended the TILA to

"protect the consumer against inaccurate and unfair credit billing and credit card practices," 15

U.S.C. § 1601(a). Because Plaintiff's allegations appear to implicate the FCBA, the Court therefore

considers whether Plaintiff states a claim under this statute.

The FCBA applies to "open-end credit," such as a such as a credit card or a revolving charge

account that is "primarily for personal, family, household, or agricultural purposes," 12 C.F.R.

§ 226.2(a)(20), and it imposes on creditors "requirements . . . for the correction of billing errors."

*Am. Express Co. v. Koerner*, 452 U.S. 233, 234 (1981). A consumer invoking the FCBA must have

notified the creditor of billing errors within 60 days of the creditor's transmission of the statement

containing the alleged error. 15 U.S.C. § 1666(a).[1] A creditor receiving such an inquiry must send a

written acknowledgment within 30 days, 15 U.S.C. § 1666(A), and has two billing cycles (or a

maximum of 90 days after notification), to resolve the dispute, 15 U.S.C. § 1666(B).

Plaintiff alleges generally that the terms of credit that Defendant Credit One Bank N.A.

extended to him "needed clarification," and that he disputes the accuracy of unspecified charges or

fees. Plaintiff has not alleged facts about the nature of the dispute, or facts showing that he notified

Defendant of any alleged billing error.  Plaintiff thus fails to state a claim on which relief can be

granted against Defendant under the TILA or FCBA.

**C.      Fair Credit Reporting Act**

Plaintiff complains of Defendant's furnishing of information to consumer reporting

agencies, and the Court therefore considers whether Plaintiff's allegations state a claim under the

---

[1] To notify the creditor, the consumer must: (1) set out details of his name and account;
(2) indicate his belief that the statement contains a billing error and the amount; and (3) set out his
reasons for believing that there has been a billing error. 15 U.S.C. § 1666(a).

Fair Credit Reporting Act (FCRA), although he has not invoked it.

Congress enacted the FCRA to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). The FCRA places obligations on three types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *See Burns v. Bank of Am.*, No. 03 Civ. 1685 (RMB) (JCF), 2003 WL 22990065, at *2 (S.D.N.Y. Dec. 18, 2003). As explained below, furnishers of information have obligations under the FCRA regarding reporting of information and investigation of alleged inaccuracies.

1.    Reporting Inaccurate Information

The FCRA prohibits furnishing information "to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). Violations of this provision, however, are enforced by certain government officials – not consumers themselves. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of § 1681s–2(a)."); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials."); 15 U.S.C. § 1681s–2(d) (stating that subsection (a) of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title").

Plaintiff asserts that Defendant placed inaccurate information on his credit report, allegedly in violation of Section 1681s–2(a). Plaintiff cannot state a claim, however, for violation of Section 1681s–2(a) because individuals do not have a private right of action to sue for violation of this

provision.

    2.      Duty to Investigate

Individuals can sue for violations of Section 1681s-2(b) of the FCRA, which "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78; *Id.* at 80 (the FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)").

Under Section 1681s–2(b), a furnisher of information must, among other things, "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency (CRA). 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under § 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [CRA] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under Section 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Ga.*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Plaintiff's allegations that Defendant reported information, with which he disagrees, to the CRA are insufficient. Plaintiff does not allege that he disputed the information with the CRA, that the CRA notified Defendant of the dispute, or that Defendant failed to conduct a reasonable

investigation after learning of the dispute from the CRA. These allegations thus fail to state a claim on which relief can be granted against Defendant under Section 1681s-2(b) of the FCRA.

The Court grants Plaintiff leave to replead this claim. If Plaintiff submits an amended complaint asserting a claim under Section 1681s-2(b) of the FCRA, he must plead some facts about (1) the information that Defendant reported; (2) whether he disputed that information with a CRA, which then notified Defendant; (3) whether Defendant investigated Plaintiff's claim; and (4) how Defendant's investigation was deficient.

**D.    State Law Claims**

Plaintiff invokes the Court's diversity jurisdiction, under 28 U.S.C. § 1332. To establish diversity of citizenship, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges that he is a citizen of New York, and Defendant is incorporated in and has its principal place of business in Nevada (ECF 1 at 3.) "[A] national bank is a citizen only of the state listed in its articles of association as its main office." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016). Plaintiff has not pleaded facts, however, about the designation of Defendant's main office in its articles of association, and he therefore has not met his burden of showing that Defendant's citizenship is diverse from his own. Moreover, Plaintiff has not identified

any state laws that Defendant allegedly violated or what Defendant did that violated state law. It is therefore unclear what state law claims, if any, that Plaintiff is asserting.[2]

**E.      Legal Assistance**

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege facts to state a claim under the TILA, the FCBA, or the FCRA, the Court grants Plaintiff 60 days' leave to amend the complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting his claims against Defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[2] The FCRA and TILA preempt state law only to the extent that it is inconsistent with federal law. Because Plaintiff has not identified any state law claims, the Court need not reach the issue at this stage.

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what Defendants did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court what federally protected rights Defendants violated; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-4710 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the federal claims will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

  Dated:   November 21, 2024
            New York, New York

                               /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                        Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                Zip Code

_____        _____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State              Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State              Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.